UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case Number: 12-21648-CIV-SEITZ/SIMONTON

BURTHON LYNCH,

    Plaintiff,

vs.

THE CONTINENTAL GROUP, INC.,
a Florida corporation,

    Defendant.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS MATTER is before the Court upon Plaintiff's Renewed Motion to Strike Affirmative Defenses [DE-41]. Plaintiff's Amended Complaint alleges claims for: (1) sex discrimination in violation of Title VII; (2) sex discrimination in violation of the Florida Civil Rights Act (FCRA); (3) retaliation in violation of Title VII; (4) retaliation in violation of the FCRA; (5) tortious interference with an advantageous business relationship; and (6) defamation. In response, Defendant filed an Answer and 18 Affirmative Defenses. Plaintiff seeks to strike Defendant's Affirmative Defenses for failure to meet the pleading standard of *Iqbal* and *Twombly*, specifically Affirmative Defenses 2, 3, 4, 5, 7, 8, 10, 11, 12, 16, and 17. Because some of these Affirmative Defenses are inapplicable and some do not meet the pleading standard of *Iqbal* and *Twombly*, Plaintiff's motion is granted with leave to replead as to Affirmative Defenses 7, 8, 10, 11, 12, 16, and 17, granted without leave to replead as to Affirmative Defenses 2, 3, and 4, and denied as to Affirmative Defense 5.

**Plaintiff's Amended Complaint and Defendant's Affirmative Defenses**

Plaintiff's Amended Complaint alleges that Plaintiff was subjected to a hostile work environment by his female supervisor and retaliated against after he complained about the actions. The retaliatory actions included suspension and ultimately termination.

Because the content of Defendant's Affirmative Defenses is central to the issue here, they are set out in their entirety:

1. The claims asserted by Plaintiff in Counts I, II, III, and IV may be barred in whole or in part by the applicable statute of limitations period to the extent that Plaintiff's claims purport to be supported by facts that occurred prior to the administrative charge filing deadline as that deadline pertains to each alleged fact. For example, Plaintiff does not set forth with any specificity the dates on which alleged "sexually inappropriate" conduct occurred, (see, e.g., Complaint Paragraphs 17, 18), and to the extent the alleged "sexually inappropriate" conduct occurred prior to the administrative charge filing deadline, claims based on the alleged "sexually inappropriate conduct" may be time barred.

2. With respect to Counts I, II, III, and IV, Defendant exercised reasonable care to prevent and promptly correct any alleged harassment, discrimination and retaliation through, among other means, dissemination of relevant personnel policies, and Plaintiff unreasonably failed to take advantage of the procedures or corrective opportunities provided by Defendant to address allegations of harassment, discrimination, and/or retaliation, or to avoid harm otherwise. In fact, Plaintiff never complained during his employment about some of the alleged inappropriate conduct set forth in the Complaint, including the alleged "initiation game" described in Complaint paragraph 18.

3. With respect to Counts I, II, III, and IV, Defendant made a good faith effort to fully and fairly investigate all alleged claims of harassment, discrimination, and/or retaliation raised by Plaintiff, and that investigation included speaking to Plaintiff and Ms. Lima. As deemed reasonably necessary, Defendant took prompt and appropriate remedial action, which included the issuance of progressive corrective action forms.

4. With respect to Counts I, II, III, and IV, Defendant had in place effective policies and procedures (including those contained in the employee handbook) aimed at preventing harassment, discrimination and retaliation in the workplace. Any actions taken by any employees of Defendant (including, without limitation, Ms. Lima) contrary to such policies contravened Defendant's good faith efforts to comply with anti-harassment, anti-discrimination and anti-retaliation laws, were taken without Defendant's consent or authorization, and cannot be atributed [sic] to Defendant.

5. With respect to Counts III and IV, Plaintiff did not oppose or otherwise timely complain during his employment about all of the conduct and/or actions set forth in his Complaint, including the alleged "initiation game," and therefore cannot state claims for retaliation. Indeed, Plaintiff did not complain at all about the alleged "initiation game" during his employment with Defendant, and therefore cannot state a claim for retaliation arising out of the alleged "initiation game."

6. With respect to Count V, Plaintiff did not have any advantageous business relationships with which Defendant interfered, and/or Defendant was not aware of all such business relationships, and, therefore, Plaintiff cannot state a claim for tortious intereference [sic] with any business relationship.

7. With respect to Counts I, II, III, IV, and V, Plaintiff had (and continues to have) an obligation to mitigate his damages, and if Plaintiff has failed or refused to mitigate his damages by, among other means, taking reasonable measures to seek and secure employment, then Plaintiff's damages must be offset or reduced by the amount attributed to Plaintiff's failure or refusal to mitigate his damages.

8. With respect to Counts I, II, III, and IV, any award of damages to Plaintiff must be offset or reduced by any amount that Plaintiff earned between the date of his alleged termination and the date of any judgment.

9. With respect to Counts I, II, III, IV, and V, at all material times, Defendant acted in good faith and without any malice or discriminatory or retaliatory motive or intent. Defendant, therefore, cannot be held liable for punitive damages.

10. With respect to Counts I, II, III, IV, and V, Plaintiff's recovery of damages (if any) may be limited in whole or in part based upon the doctrine of after-acquired evidence. More specifically, if Defendant learns of information through discovery, or otherwise, which, if it had been known during the period of Plaintiff's employment with Defendant, would have resulted in the termination of Plaintiff's employment, then Plaintiff's recovery of damages (if any) may be limited in whole or in part. For example, if during discovery, Defendant learns that Plaintiff misappropriated and/or disclosed confidential information on a date earlier than currently known, then Plaintiff's recovery of damages (if any) may be limited in whole or in part based upon the doctrine of after-acquired evidence.

11. With respect to Counts I, II, III, IV, and V, Plaintiff's claims are barred in whole or in part under the doctrines of laches, waiver, estoppel, and/or unclean hands because: (a) Plaintiff engaged in conduct during his employment with Defendant that reflects his intentions to harm or damage Defendant and/or Defendant's clients, including the misappropriation (and possible disclosure and/or use) by Plaintiff of confidential information during his employment with Defendant; and (b) Plaintiff did not oppose or otherwise timely

complain during his employment about all of the conduct and/or actions set forth in his Complaint, including the alleged "initiation game."

12. With respect to Count VI, Plaintiff's allegations may be barred in whole or in part by the applicable statute of limitations governing claims for libel and/or slander.

13. With respect to Count VI, the corporate defendant, The Continental Group, Inc., cannot be held liable for alleged defamatory statements that were not made or published by authorized agents of the corporation who were acting within the course and scope of their employment with The Continental Group, Inc.

14. With respect to Count VI, the alleged defamatory statements cannot give rise to liability to the extent the statements constitute expression of opinion.

15. With respect to Count VI, all alleged defamatory statements were true or substantially true, published without knowledge or disregard as to falsity, and published with good motives and without malice, ill will, or intent to injure.

16. With respect to Count VI, the alleged defamatory statements were absolutely privileged.

17. With respect to Count VI, the alleged defamatory statements were qualifiedly privileged, as the statements were made in good faith, limited in purpose and scope, during an appropriate occasion, in a proper manner, by an individual who had an interest or duty with regard to the subject matter at issue.

18. With respect to Count VI, Plaintiff has not suffered, nor can he prove, actual damages caused by the alleged defamatory statements.

**The Motion to Strike**

The Plaintiff asserts that Defendant's Affirmative Defenses must meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendant concedes that the *Twombly/Iqbal* standard applies but asserts that its Affirmative Defenses have met the standard. *See* DE-49 at 5. The Court will address the Affirmative Defenses in the order Plaintiff addresses them in his motion.

### a. *Defense 10 is Stricken With Leave to Replead*

Plaintiff moves to strike Affirmative Defense 10, raising the after-acquired evidence doctrine, because Defendant has not pled any facts to support it. Defendant responds that the factual predicate for Defense 10 is Plaintiff's misappropriation and/or disclosure of confidential information. However, as pled, the defense sets out these facts as a hypothetical example of when the defense might apply. The defense pleads the misappropriation/disclosure of facts in an example that starts with the word "if." Thus, Defendant has not pled the existence of any facts currently known to it that would support this defense. Accordingly, Affirmative Defense 10 is stricken, with leave to replead, if Defendant can plead facts that support the defense.

### b. *Defense 11 is Stricken With Leave to Replead*

Plaintiff seeks to strike Affirmative Defense 11, laches, waiver, estoppel, and unclean hands, because Defendant has not pled facts to support it. Defendant argues that it has pled the facts supporting its claim – (a) Plaintiff's misappropriation (and possible disclosure and/or use) of confidential information during his employment with Defendant; and (b) Plaintiff's failure to complain during his employment about all of the conduct and/or actions set forth in his Complaint. While these allegations may help support these four separate theories of defense, Defendant has not pled all of the necessary elements for each of these defenses. Thus, Affirmative Defense 11 is stricken with leave to replead, if Defendant can allege facts sufficient to establish each element of each of the four defenses that have been rolled into this one defense. If Defendant chooses to replead any of the defenses, each should be pled as a separate defense.

### c. *Defense 5 Shall Be Construed as a Specific Denial*

Plaintiff moves to strike Affirmative Defense 5, failure to timely complain, because it is not an affirmative defense and because there is no timeliness requirement in a retaliation claim. Defendant responds that it is an affirmative defense, that the timeliness aspect refers to the order in which actions occurred, and if it is not a true affirmative defense, it should be treated as a specific denial. As explained by Judge Ryskamp:

> By its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga.1986) (emphasis in the original). Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988).

*Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). However, when a specific denial is labeled as an affirmative defense, a court will generally treat the defense as a denial and the proper remedy is not to strike the defense but to treat it as a specific denial. *F.D.I.C. v. Bristol Home Mortgage Lending, LLC*, 2009 WL 2488302, *3 (S.D. Fla. 2009). A reading of Affirmative Defense 5 indicates that it is a denial, not an affirmative defense. On its face, Affirmative Defense 5 states that "Plaintiff cannot state claims for retaliation." Thus, the motion to strike is denied as to Affirmative Defense 5 and the Court will treat it as a specific denial.

### d. *Defenses 2, 3, and 4 are Stricken Without Leave to Replead*

Plaintiff moves to strike Affirmative Defenses 2, 3, and 4, known as *Faragher* defenses, because they are only applicable to claims of a hostile work environment caused by a supervisory employee when no tangible employment action was taken. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998). Plaintiff argues that his claims for hostile work environment are based on

6

a hostile work environment created by a supervisor which culminated in his termination. Thus, the defenses are inapplicable to his hostile work environment claims. Plaintiff further argues that *Faragher* only created defenses to a hostile work environment claim, not a retaliation claim and, thus, the defenses do not apply to his retaliation claims. Defendant responds that the defenses are applicable when the adverse employment action is not causally linked to the supervisor's alleged harassment or when an intervening circumstance breaks the causal connection between the alleged harassment and the adverse employment action and that they are applicable to retaliation claims. Defendant also argues that the *Faragher* defenses are available because Plaintiff's termination was unrelated to the alleged conduct of his supervisor and because Defendant denies that Plaintiff's supervisor engaged in any conduct that created a hostile work environment.

As to Defendant's last two arguments, Defendant is assuming facts that have not been pled. In fact, Defendant is assuming facts in direct contradiction of the Amended Complaint. As set out above, an affirmative defense is one where a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance. Thus, Defendant's argument that these defenses might apply under different circumstances than those pled does not support these affirmative defenses.

Turning to Defendant's argument that the *Faragher* defenses apply to retaliation claims, Defendant has provided no authority to support that proposition under the circumstances here. Defendant relies on an unpublished Sixth Circuit case, *Richmond-Hopes v. City of Cleveland*, 1998 WL 808222, *9 (6th Cir. 1998) for the proposition that the *Faragher* defenses apply to retaliation claims. However, besides the case's lack of precedential value, in that case the retaliation did not involve a tangible employment action. *Id.* In the instant case, Plaintiff's retaliation claims are based

7

on retaliation which resulted in termination, a tangible adverse employment action. Thus, Defendant has offered no authority to support its argument that the *Faragher* defenses apply to retaliation claims alleging a tangible adverse employment action.

Finally, Defendant argues that the *Faragher* defenses are available when a supervisor's harassment culminates in a tangible employment action where the adverse employment action is not causally linked to the supervisor's alleged harassment or when an intervening circumstances break the causal connection between the alleged harassment and the adverse employment action. First, Defendant has failed to allege any facts that establish the lack of causal connection or the existence of intervening circumstances that break the causal connection. Second, the cases cited by Defendant do not stand for the proposition that the *Faragher* defenses are available when there is no causal link. Consequently, the *Faragher* defenses are not available to Defendant in the instant action and are stricken.

### e. Defenses 7, 8, and 12 are Stricken With Leave to Replead

Plaintiff seeks to strike Affirmative Defenses 7, 8, and 12 as boilerplate without sufficient facts alleged. Defendant responds that it has sufficiently pled these defenses. As to Affirmative Defense 12, the statute of limitations as to the libel/slander claim, Defendant has not pled any facts that would support the defense. Defendant has not even pled what the applicable statute of limitations is. Defendant's argument that Plaintiff did not adequately plead this claim and therefore it cannot be expected to properly respond to the claim is a non-starter. If Plaintiff did not adequately plead, Defendant had procedural remedies available to it, such as a motion to dismiss or a motion for more definite statement. However, Defendant did not utilize these procedures. Plaintiff's alleged

pleading shortcomings do not excuse Defendant's shortcomings. Thus, Affirmative Defense 12, the statute of limitations for libel/slander is stricken with leave to replead.

Affirmative Defenses 7 and 8 raise mitigation and setoff. However, neither Affirmative Defense alleges any facts; they simply set out the law. While they appear to be accurate statements of the law, Affirmative Defenses 7 and 8 contain no actual facts that Plaintiff has failed to mitigate his damages or that would support setoff. Thus, Affirmative Defenses 7 and 8 are stricken for failing to meet the pleading requirements of *Iqbal* and *Twombly*[1] with leave to replead.

*f. Defenses 16 and 17 are Stricken With Leave to Replead*

Plaintiff seeks to strike Affirmative Defenses 16 and 17, both of which address the defamation claim, as insufficient or inapplicable. Defendant argues, as it did in reference to Affirmative Defense 12 that it should not be punished for responding to Plaintiff's inadequately pled claim. However, as set out above, improperly pled affirmative defenses are not the appropriate response to an allegedly poorly pled complaint. Neither of these Affirmative Defenses contain any facts to support them. Thus, they do not comply with *Iqbal* and *Twombly* and should be stricken with leave to replead. Accordingly, it is

**ORDERED** that:

1. Plaintiff's Renewed Motion to Strike Affirmative Defenses [DE-41] is GRANTED in part and DENIED in part:

> a) Plaintiff's motion is granted with leave to replead as to Affirmative Defenses 7, 8, 10, 11, 12, 16, and 17;

---

[1]Striking these Affirmative Defenses does not prevent Defendant from putting on evidence of money earned by Plaintiff after his termination to establish the amount of Plaintiff's damages.

b) Plaintiff's motion is granted without leave to replead as to Affirmative Defenses 2, 3, and 4; and

c) Plaintiff's motion is denied as to Affirmative Defense 5, which will be treated as a specific denial.

2. Defendant shall file its Amended Affirmative Defenses, in accordance with this Order by **January 31, 2013**. In drafting its Amended Affirmative Defenses, Defendant shall be guided by Federal Rule of Civil Procedure 11 and the pleading standard set out in *Iqbal* and *Twombly*. Failure to properly plead any of its repled Affirmative Defenses may result in the Court considering the imposition of sanctions against Defendant or defense counsel.[2]

**DONE AND ORDERED** in Miami, Florida, this 15 day of January, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

---

[2] A review of the record indicates that Defendant pled very similar affirmative defenses in response to Plaintiff's complaint. *See* DE-9-1. Plaintiff moved to strike those defenses in a motion raising arguments similar to those raised in the instant motion. *See* DE-10. Thereafter, Plaintiff filed an Amended Complaint. As a result, Defendant filed an Answer and Affirmative Defenses to the Amended Complaint. *See* DE-33. Despite being on notice of the alleged shortcomings of its earlier affirmative defenses, Defendant did not significantly revise them. Thus, instead of trying to comply with Federal Rule of Civil Procedure 1, the parties extensively briefed the instant motion. Such actions do not rise to the level of professionalism that the Court expects from officers of the Court. As this case progresses, the Court expects that the parties will work more diligently towards resolving their issues and narrowing the issues for trial, both claims and defenses, without having to involve the Court every step of the way.